**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Ethan D. Knight
Assistant U.S. Attorney
Ethan.knight@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 28, 2022

Michelle Sweet
Assistant Federal Public Defender
101 S. W. Main Street, Suite 1700
Portland, Oregon 97204

Re:   *United States v. Tori Lynn Head*, Case No. 3:22-cr-00085-HZ
      Pre-Indictment Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Counts 1 and 2 of the Information. In Count 1, defendant is charged with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and, in Count 2, defendant is charged with Dispensing Prescription Animal Drugs Without Proper Labeling (Dispensing Misbranded Animal Drugs) in violation of 21 U.S.C. §§ 331(k) and 333(a)(2) (The Federal Food, Drug, and Cosmetic Act). Defendant waives his right to an indictment for Counts 1 and 2 of the Information.

3. **Penalties**: The maximum sentence for Count 1 is 20 years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), 3 years of supervised release, and a $100 fee assessment. The maximum penalty for Count 2 is 3 years' imprisonment, a fine of $10,000, 1 year of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the entry of any guilty plea or explain to the Court why this cannot be done.

4. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Michelle Sweet
Re: Head Plea Agreement Letter
Page 2
March 28, 2022

5.  **Elements and Factual Basis**: Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. As outlined below, defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The factual basis for each count is true and undisputed:

   A.   **Elements for Count 1**

   In order for defendant to be found guilty of Count 1 of the Information, Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, the government must prove the following elements beyond a reasonable doubt:

   (1)   There was an agreement between defendant and at least one other person to commit wire fraud;

   (2)   Defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and

   (3)   Some part of the conspiracy took place within the District of Oregon.

The elements for the underlying offense, Wire Fraud in violation of 18 U.S.C. § 1343 are:

   (1)   Defendant knowingly devised or intended to devise a material scheme or artifice to defraud, or to obtain money by means of false or fraudulent pretenses, representations or promises, or omissions of fact;

   (2)   The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

   (3)   Defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

   (4)   Defendant used or caused the use of interstate wires to carry out or attempt to carry out an essential part of the scheme.

   B.   **Factual Basis for Count 1**

   Defendant Head and others owned and operated Woofin Palooza, a self-described rescue, rehabilitation, boarding, and pet adoption organization with facilities in Multnomah County and

Michelle Sweet
Re: Head Plea Agreement Letter
Page 3
March 28, 2022

Columbia County, Oregon. They started the business in November 2019 and were obtaining pets with medical and behavioral issues from out-of-state, so-called kill shelters.

From at least December 22, 2019, through January 20, 2021, on more than 280 occasions defendant Head and others made material misrepresentations about the health and behavior of animals to customers. Based on these material misrepresentations and others, customers paid Woofin Palooza either by credit card or check, adoption fees totaling more than $82,000. Some of these customers also paid $3,475 in so-called "appointment fees" in order to see the pets for adoption. The "appointment fee" was a sham. Because many of these animals were in fact sick or suffered from behavioral issues, they required additional veterinary care that totaled more than $142,580. Defendant Head and others at Woofin Palooza also required customers to pay more than $23,000 in spay and neuter fees, claiming they would reimburse the customers once the pets were spayed or neutered. That did not happen. In many circumstances, defendant Head and others used lulling tactics to avoid returning the deposits.

### C.     Elements for Count 2

In order for defendant to be found guilty of Count 2 of the Information, Dispensing Misbranded Animal Drugs in violation of 21 U.S.C. §§ 331(k) and 333(a)(2), the government must prove the following elements beyond a reasonable doubt:

(1)  Defendant did or caused the alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to drug;

(2)  While the drug is held for sale after shipment in interstate commerce and results in such article being adulterated or misbranded; and

(3)  Defendant acted with the intent to defraud.

### D.     Factual Basis for Count 2

From on or about September 3, 2020, through on or about July 2, 2021, on at least 18 separate occasions, defendant Head and others at Woofin Palooza received various prescription animal drugs from animal drug suppliers located in Miami Lakes, Florida, and Lincoln, Nebraska, at defendant Head's business Woofin Palooza in Portland, Oregon. The drugs were ordered using falsified prescriptions. In addition, from September 9, 2020, to January 20, 2021, defendant Head and others at Woofin Palooza held prescription drugs, including controlled substances, that were prescribed to various pets in Merced, California. These prescription drugs accompanied pets from Merced, California, to Woofin Palooza in Portland, Oregon. While these

Michelle Sweet
Re: Head Plea Agreement Letter
Page 4
March 28, 2022

drugs were held for sale by defendant Head and others at Woofin Palooza, defendant Head and others at Woofin Palooza comingled all these drugs and placed the drugs in bottles with labeling that did not accurately represent the contents, acts which caused those drugs to be misbranded, as defined at 21 U.S.C. §§ 352(a) (false or misleading labeling) and 352(f)(1) (lacking adequate directions for use by a layperson). On at least 33 separate occasions, defendant Head and others at Woofin Palooza distributed these prescription animal drugs to customers, with the false and misleading labeling, and sometimes with no labeling at all, for the purpose of treating the animals. In doing so, defendant Head and others at Woofin Palooza prescribed animal drugs while they were held for sale after shipment in interstate commerce, which resulted in the drugs being misbranded, and did so with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(k) and 333(a)(2).

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guidelines range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Sentencing Guidelines Calculation**: The parties agree the following guidelines provisions apply:

- Pursuant to § 3D1.2(d), Counts 1 and 2 group and the offense level is calculated under § 2B1.1;
- Pursuant to § 2B1.1(a)(1), the base offense level is 7;
- Pursuant to § 2B1.1(b)(G), because the loss exceeded $250,000 but was less than $550,000, a 12-level increase applies; and
- Pursuant to § 2B1.1(b)(2)(A)(i), because the offense involved more than 10 victims, a 2-level increase applies.

The parties anticipate that defendant is in Criminal History Category I, resulting in an advisory sentencing guidelines range of 37-46 months.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: At the time of sentencing, the USAO will recommend a 2-level downward variance to account for the sentencing factors in 18 U.S.C. § 3553(a). The USAO will recommend the low end of the applicable guidelines range as long as defendant demonstrates an acceptance of responsibility as defined in this agreement.

10. **Additional Departures, Adjustments, or Variances**:

    A. The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guidelines range under the sentencing guidelines provisions, except as specified in this agreement.

    B. Defendant reserves the right to argue for any sentence defendant feels appropriate under the factors set forth in 18 U.S.C. § 3553, and the USAO reserves the right to oppose any sentence defendant requests. Defendant further agrees that defendant will provide the government with notice of: (1) the factual basis for any such sentence; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Michelle Sweet
Re: Head Plea Agreement Letter
Page 6
March 28, 2022

12.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.  **Restitution**: Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement. Restitution may exceed $250,000.

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

Michelle Sweet
Re: Head Plea Agreement Letter
Page 7
March 28, 2022

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

Michelle Sweet
Re: Head Plea Agreement Letter
Page 8
March 28, 2022

17. **Deadline**: This plea offer expires if not accepted by April 30, 2022, at 12 p.m. and may be withdrawn at anytime before it is formally accepted at a change of plea hearing.

        Sincerely,

        SCOTT ERIK ASPHAUG
        United States Attorney

        ETHAN D. KNIGHT
        Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3/28/22
Date

        TORI LYNN HEAD
        Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/28/22
Date

        MICHELLE SWEET
        Attorney for Defendant